UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOBIE PIZZOLEO and STACEY LEWIS, individually and on behalf of all other persons similarly situated who were employed by AUBURN COMMUNITY HOSPITAL and/or any other entities affiliated with or controlled by AUBURN COMMUNITY HOSPITAL., <br><br> Plaintiffs, <br> -against- <br><br> AUBURN COMMUNITY HOSPITAL and any related entities, <br><br> Defendants. | **COMPLAINT** <br><br> **FLSA COLLECTIVE ACTION** <br><br> **And** <br><br> **CLASS ACTION** <br><br> Docket No.: 5:20-cv-1529 (TJM/ML) |

Named Plaintiffs Tobie Pizzoleo and Stacey Lewis ("Named Plaintiffs"), by her attorneys Gattuso & Ciotoli, PLLC; and Virginia & Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 142-2.1, 142-2.2, and 142-2.10 to recover unpaid wages and overtime compensation as well as related damages owed to the Named Plaintiffs and all similarly situated persons (collectively "Plaintiffs") who are presently or were formerly employed by Auburn Community Hospital and/or any other entities affiliated with or controlled by Auburn Community Hospital (hereinafter "Defendant") in trades and occupations entitled to receive overtime compensation.

1

2. Beginning in 2014 and continuing through the present, Defendant has engaged in a policy and practice of depriving its employees of the applicable straight time wage and overtime wages for work they performed as mandated by federal and state law, and making unlawful and unauthorized deductions from their earned wages.

3. Beginning in 2014 and continuing through the present, Defendant has regularly required Plaintiffs to work beyond their regularly scheduled shift times, and does not pay Plaintiffs any compensation for their additional work.

4. Defendant has maintained a policy and practice of regularly and automatically deducting one half-hour of pay for a "break" from the wages of Plaintiffs, even though Plaintiffs are often unable to take, or take less than, a one half-hour break due to their work load.

5. Defendant has engaged in a policy and practice of requiring its employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation at time and one half their regular rate of pay for all hours worked beyond forty (40) in a week as required by the applicable federal and state laws.

6. Upon information and belief, Defendant also failed to provide appropriate wage notices to Named Plaintiffs and those similarly situated as required under NYLL.

7. Plaintiff has initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## **JURISDICTION**

8. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

9. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

10. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

11. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

12. Named Plaintiff Tobie Pizzoleo is an individual who is currently a resident of Cayuga County, New York, and was employed by Defendant as a registered nurse from approximately October 2016 until August 2020.

13. Named Plaintiff Stacey Lewis is an individual who is currently a resident of Cayuga County, New York, and was employed by Defendant as a patient care assistant from approximately August 2014 until August 2020.

14. Upon information and belief, Defendant is a Domestic Not-For-Profit corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 17 Lansing Street, Auburn, New York, 13021.

15. At all times relevant to this action, Defendant constituted Named Plaintiffs' employers as defined by NYLL §§ 2(6), 190(3), and 651(6), along with 29 U.S.C. § 203, *et seq.*.

## FLSA COLLECTIVE ACTION AND CLASS ALLEGATIONS

16. Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

17. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

18. This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendants as registered nurses, patient care assistants, nurses' aides, licensed practical nurses, medical assistants, emergency medical technicians, and other employees performing similar medical-related and/or physical therapy-related tasks in furtherance of Defendant's operations at its medical facility.

19. Named Plaintiffs and members of the putative class and collective are all victims of Defendant's common policy and/or plan to violate the FLSA by failing to pay wages for all hours worked, overtime wages at one and one-half times the regular rate of pay, for all time worked in excess of forty (40) hours in a week, and by making unlawful unauthorized deductions from the earned wages of Named Plaintiff and putative class members...

20. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

21. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

22. These questions of law and fact include, but are not limited to: (1) whether Defendant made unlawful deductions from the earned wages of Named Plaintiffs and putative class members, including but not limited to whether Defendant automatically deducted one half-hour of pay from the wages of Named Plaintiffs and putative class members for a "break," even though Named Plaintiffs and putative class members did not take all or part of their break; (2) whether Defendant failed to pay Named Plaintiffs and putative class members overtime compensation for all hours

worked in excess of forty (40) hours in a week; (3) whether Defendant failed to pay Named Plaintiffs and putative class members for all hours worked, including but not limited to paying for only 11.5 hours of work per 12-hour shift, even though Named Plaintiffs and putative class members regularly worked more than 11.5 hours per 12-hour shift; (4) whether Defendant kept adequate and proper records. and (5) whether Defendant failed to provide Plaintiffs with proper wage notices and wage statements during the time of their employment.

23. The claims of the Named Plaintiffs are typical of the claims of the putative class members. Named Plaintiffs and putative class members were all subject to Defendant's policies and willful practice of failing to pay overtime wages, along with uniform maintenance pay violations and other wage violations.

24. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class-action litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendant's policies.

## **FACTS**

26. The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

27. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

28. This action is brought on behalf of Plaintiff and a putative class and collective consisting of similarly situated employees who worked for Defendant as registered nurses, patient care assistants, nurses' aides, licensed practical nurses, medical assistants, emergency medical technicians, and other employees performing similar medical-related and/or physical therapy-related tasks in furtherance of Defendant's operations at its medical facility.

29. While working for Defendant, Plaintiffs and other similarly situated employees were regularly required to perform work for Defendants without receiving pay for all hours worked and overtime compensation, as required by applicable federal and state law.

30. For example, beginning in approximately 2016 for Named Plaintiff Tobie Pizzoleo and beginning in 2014 for Named plaintiff Stacey Lewis and continuing through August 2020, they would typically be scheduled to work 12-hour shifts.

31. Named Plaintiff Pizzoleo typically worked approximately four 12-hour shifts per week.

32. Named Plaintiff Pizzoleo was paid $28.060 per hour.

33. Named Plaintiff Lewis typically worked approximately two to three 12-hour shifts per week.

34. Named Plaintiff Lewis was paid $15.49 per hour.

35. For each 12-hour shift worked by Named Plaintiffs and others similarly situated, one-half hour would be automatically deducted from their pay for a meal break.

36. However, both Named Plaintiffs would usually be too busy working to take a full or even partial meal break. Despite this, Defendant would still automatically deduct the one-half hour of pay from Named Plaintiffs' paychecks.

37. In certain weeks, upon information and belief, the deducted one-half hour of pay would cause Named Plaintiffs and others similarly situated, from receiving overtime compensation.

38. As a result, Named Plaintiffs and others similarly situated were routinely not paid for all hours worked and at times deprived of appropriate overtime compensation.

39. Defendants consistently and repeatedly used this policy, procedure and method of automatically deducting one-half hour for meal breaks whether taken by the employee or not and at times failing to pay overtime across the members of the putative class.

## FIRST CAUSE OF ACTION
## OVERTIME UNDER FLSA

40. The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

41. The Named Plaintiffs and similarly situated hourly employees of Defendant bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

42. Under the FLSA, plaintiffs and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the overtime provisions of section 207 of the FLSA.

43. Defendant willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiffs and similarly situated hourly employees for all time worked, including time which would have qualified as overtime.

44. Upon information and belief, Defendants failed to pay Named Plaintiffs and those similarly situated all earned overtime wages, at the rate of one and one half times their regular rate of pay for the time in which they worked after the first 40 hours in any given week.

45. On this claim for relief, the Named Plaintiffs on behalf of themselves and other similarly situated hourly employees of Defendant seek the payment of all unpaid overtime wages, such sums

to be determined based upon an accounting of the hours worked and wages actually paid for the plaintiffs and other similarly situated employees.

46. The failure of Defendant to pay Plaintiffs their rightfully owed wages and overtime compensation was willful.

47. The plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION
## UNPAID OVERTIME UNDER NYLL

48. The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

49. Under NYLL, Named Plaintiffs and similarly situated hourly employees are entitled to a half hour break when their scheduled shift exceeds 6 hours.

50. Additionally, pursuant to 12 NYCRR § 142-2.2 Named Plaintiffs and similarly situated employees are also entitled to be paid for all hours worked and at an overtime rate of one and one-half times the regular hourly rate when their total hours exceeded 40 hours per week.

51. Even though Named Plaintiffs and similarly situated employees are entitled a half-hour rest breaks, and to be paid for all hours worked including overtime rates for hours exceeding 40 per week, Defendant refused and continues to refuse to provide required breaks and failed and continues to fail to pay Named Plaintiffs and those similarly situated for all hours worked at the appropriate rate of pay, including overtime rates for work in excess of 40 hours per week, as required under to NYLL §§ 190, et seq, 650, et seq, and, 19 NYCRR §§ 142, et seq.

52. Upon information and belief, Defendant did not pay Named Plaintiffs and members of the putative class at a rate of one and one-half times their regular rate of pay for all hours worked above forty (40) in a workweek.

53. Upon information and belief, Defendant willfully, purposefully, and maliciously failed to pay the required compensation or provided the required rest periods as articulated in this claim for relief.

54. On this claim for relief, the Named Plaintiffs on behalf of themselves and other similarly situated hourly employees of Defendant seek the payment of all unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the plaintiffs and other similarly situated employees.

55. The plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

### THIRD CAUSE OF ACTION
### NEW YORK FAILURE TO PAY WAGES

56. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

57. Pursuant to Article Six of the NYLL, workers, such as Named Plaintiffs and putative class members, are protected from wage underpayments and improper employment practices.

58. Named Plaintiffs' and putative class members' agreed upon wage rates and/or overtime rates constitute "wages" within the meaning of NYLL §§ 190, 191.

59. Pursuant to NYLL § 191 and cases interpreting same, workers, such as Named Plaintiffs and putative class members, are entitled to be paid all their weekly wages "not later than seven days after the end of the week in which the wages are earned."

60. In failing to pay the Named Plaintiffs and putative class members their agreed upon wages, and overtime payments for time worked after forty (40) hours in one week, Defendants violated the NYLL.

61. Pursuant to NYLL § 193, "[n]o employer shall make any deduction from the wages of an employee," such as Named Plaintiff and putative class members, that is not otherwise authorized by law or the employee.

62. 12 NYCRR 142-2.1 likewise provides that "[w]ages shall be subject to no deductions, except for allowances authorized in this Part, and except for deductions authorized or required by law, such as for social security and income tax."

63. By withholding wages, including overtime payments for time worked over forty (40) hours in any given week, automatically deducting one hour of pay from the wages of Named Plaintiffs and putative class members, and not paying them for all hours worked, Defendant made unlawful deductions in wages owed to Named Plaintiffs and putative class members.

64. Upon information and belief, Defendant's failure to pay Named Plaintiffs and putative class members wages and overtime payments for time worked in excess of forty (40) hours in any given week was willful.

65. By the foregoing reasons, Defendant has violated NYLL 191 and 193, and 12 NYCRR 142-2.10 and are liable to Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
## FAILURE TO PROVIDE ANNUAL WAGE NOTICES UNDER NYLL

66. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

67. Defendant has willfully failed to supply Named Plaintiffs and putative class members with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

68. Plaintiffs did not receive all required wage notices during their employment with Defendants.

69. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

70. According to NYLL § 198-1(b), Plaintiffs are entitled to $50 for every week in which they did not receive a wage notice and/or statement, or a total of $2500, together with costs and reasonable attorney's fees.

71. By the foregoing reasons, Defendants have violated NYLL §§ 195(1) and 198-1(b) and are liable to the Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE**, Named Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by Defendant, demand judgment:

(1) On the First Cause of Action against Defendant, all unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid overtime to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the FLSA;

(2) On the Second Cause of Action against Defendant, all unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid overtime to be determined at trial, plus interest, attorneys' fees and costs, pursuant to New York Labor Law, and

(3) On the Third Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus interest, attorneys' fees and costs, pursuant to New York Labor Law; and

(4) On the Fourth Cause of Action against Defendant, all statutory and compensable damages owed in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited New York Labor Law sections;

(4) All other and further relief as this Court may deem just and proper.

Dated: December 10, 2020

> By: */s/ James Emmet Murphy*
> James Emmet Murphy, Esq.
> VIRGINIA & AMBINDER, LLP
> 40 Broad Street, 7th Floor
> New York, New York 10004
> Tel:   (212) 943-9080

Fax: (212) 943-9082
jmurphy@vandallp.com

and

Frank S. Gattuso, Esq.
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York
315-314-8000
315-446-7521 (fax)
fgattuso@gclawoffice.com

*Attorneys for the Plaintiff and putative class*